**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LINDSAY FULLER**,<br><br>*Plaintiff*,<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.**,<br><br>*Defendant*. | **Case No. 2:26-cv-05796-JDW** |

**ORDER**

**AND NOW**, this 20th day of August, 2026, upon review of Defendant Experian Information Solutions, Inc.'s Answer (ECF No. 5), I note as follows.

1. Federal Rule of Civil Procedure 11(b) requires counsel to have a good faith belief for any assertion of fact or legal contention in any submission to the Court;

2. This rule applies to the assertion of affirmative defenses (*see Ruth v. Unifund CCR Partners*, 604 F.3d 908, 911 (6th Cir. 2010); *Greenspan v. Platinum Healthcare Group, LLC*, Case No. 2:20-cv-5874-JDW, 2021 WL 978899, at * 2 (E.D. Pa. Mar. 16, 2021)), meaning that parties may not assert affirmative defenses just to preserve them; and

3. Experian has asserted fourteen affirmative defenses, some of which appear to lack a good faith basis, including but not limited to the Second, Fifth, and Twelfth Affirmative Defenses.

Therefore, it is **ORDERED** that, on or before August 28, 2026, Experian shall either (a) file an Amended Answer, asserting only affirmative defenses that it has a good faith basis to assert, or (b) show cause, in Memoranda not to exceed 10 pages, why I should not strike all of the asserted affirmative defenses, pursuant to Federal Rule of Civil Procedure 11(c)(3).

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.